United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-50998
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRY HAYES ESTES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-03-CR-39-2
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Terry Hayes Estes pleaded guilty pursuant to a written plea
agreement to the manufacture of methamphetamine, and he was
sentenced to 235 months' imprisonment, three years' supervised
release, a $1,000 fine, and a $100 special assessment.

Estes argues on appeal that he was improperly sentenced
because the district court erred in calculating the amount of
methamphetamine involved.  Estes's arguments concern the amount

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of methamphetamine contained in items seized at his home and at the home of Robert Melton.  However, the presentence report ("PSR"), which was adopted by the district court, based Estes's sentence on evidence of Estes's production of 3.18 kilograms of methamphetamine during the prior seven months, rather than the amount of methamphetamine seized at the two residences.  Because Estes has failed to brief the issue whether the use of the 3.18 kilograms in determining his sentence was accurate, the issue is deemed abandoned.  See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Furthermore, to the extent that Estes does argue that he was not responsible for the 3.18 kilograms of methamphetamine attributed to him, the district court did not clearly err in relying on information contained in the PSR because Estes did not meet his burden of proving that the information was "materially untrue, inaccurate or unreliable."  See U.S.S.G. § 1B1.3; United States v. Vital, 68 F.3d 114, 120 (5th Cir. 1995); United States v. Rogers, 1 F.3d 341, 344 (5th Cir. 1993).

AFFIRMED.